IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH E. SONDERLING,[1] ACTING SECRETARY OF LABOR. UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>VENTURIS, LLC AND CRYSTAL BROOKS,<br><br>and<br><br>MANAGEMENT TECHNOLOGY, INC. PROFIT SHARING AND 401(k) PLAN, *solely as a Rule 19 Defendant*,<br><br>Defendants. | Civil Case No. 8:26-cv-1489-DLB |

## **CONSENT JUDGMENT AND ORDER**

This action was brought by Plaintiff, the Acting Secretary of Labor, United States

Department of Labor (the "Acting Secretary") against Venturis, LLC, Crystal Brooks, and the

Management Technology, Inc. Profit Sharing and 401(k) Plan[2] (collectively, "Defendants")

under Sections 409 and 502(a)(2) and (5) of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will

redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Keith E. Sonderling, Acting Secretary of Labor, is automatically substituted as Plaintiff.

[2] The Acting Secretary named the Plan as a Defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.  The parties have agreed to resolve the claims in the Complaint without further litigation.  Defendants have appeared and waived formal service of process of the Summons and Complaint (ECF 14–16), waived their Answer and any defense which they may have, and hereby agree to the entry of this Consent Judgment and Order without contest.

A.  For the purposes of this Consent Judgment and Order, Defendants admit that the Court has jurisdiction over them and the subject matter of this action.

B.  The Acting Secretary has agreed to resolve all claims asserted in the Complaint against Defendants for the relief set forth below.  The parties agree that neither will appeal this Consent Judgment and Order as written and entered.

C.  The Acting Secretary and Defendants understand and agree that entry of this Consent Judgment and Order is without prejudice to the Acting Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Acting Secretary's right to institute future enforcement actions with respect to any other such matter.  It is further understood that this paragraph shall not constitute a waiver by Defendants of any defenses, legal or equitable, to any such future action.

D.  This Consent Judgment and Order may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.  This Consent Judgment and Order is

2

only valid if signed by the Acting Secretary and Defendants, or their designated representatives.

E. The Acting Secretary and Defendants intend this Consent Judgment and Order to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment and Order is the sole repository of the agreement between the Acting Secretary and Defendants.  The parties are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.      On August 1, 2020, Defendant Venturis, LLC ("Venturis") adopted the Management Technology, Inc. Profit Sharing and 401(k) Plan ("Plan").  Since that time, Venturis has exercised discretionary authority and discretionary control over plan assets in the Plan, including the forwarding of employee 401(k) contributions.  Since at least August 1, 2020, Venturis was a fiduciary to the Plan under ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A). As a fiduciary, an employer whose employees are covered by the Plan, and an entity owned by fiduciary Crystal Brooks, Venturis was a party in interest to the Plan under ERISA Sections 3(14)(A), (C) and (G), 29 U.S.C. §§ 1002(14)(A), (C), and (G).

2.      Since August 1, 2020, Defendant Crystal Brooks ("Brooks"), the owner and Chief Executive Officer of Venturis, oversaw the tasks of a plan administrator, including overseeing employee 401(k) contributions and distributions.  Because of her discretionary authority and control of Plan assets, Brooks was a fiduciary pursuant to ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).  As a fiduciary and a majority owner and officer of Venturis, Brooks was a party

3

in interest to the Plan pursuant to ERISA Section 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

3.     In order to resolve the Complaint's allegations and claims, within ninety (90) days of the date of this Order, Defendants shall remit or cause to be remitted in equitable restitution to the Plan $7,835.44 (the "Restitution Payment"), representing $3,010.44 in lost opportunity cost due on untimely remitted Plan contributions since August 1, 2020, and $4,825.00 to pay for the costs and fees of the Independent Fiduciary.  The Restitution Payment shall be payable solely from funds remitted by Defendants and shall not be paid, in part or in whole, from Plan assets. Defendants shall provide written proof of payment to the Acting Secretary for the Restitution Payment immediately upon completion.  The Acting Secretary and Defendants agree that all monies due or remitted under this Consent Judgment and Order constitute equitable relief under ERISA.

4.     The Plan is deemed amended to allow forfeiture of Defendant Brooks' individual Plan account to the extent necessary to satisfy the equitable restitution due, as set forth in Paragraphs 3 and 8.  Further, the Plan shall set off Defendant Brooks' individual Plan account against the amount of losses resulting from the fiduciary breaches alleged in the Complaint, as authorized by 29 U.S.C. § 1056(d)(4).  No amounts restored under this Consent Judgment shall be allocated to the Plan account of Defendant Brooks.

5.     Defendants Venturis and Brooks are removed as fiduciaries to the Plan and are also removed from the role(s) of trustee, fiduciary, advisor, or administrator that they hold with respect to any other employee benefit plan, as that term is defined at section 3(3) of ERISA, 29 U.S.C. § 1002(3).

6.      Defendants Venturis and Brooks are permanently enjoined from serving, directly or indirectly, as fiduciaries or service providers to any ERISA-covered plan, as that term is defined at section 3(3) of ERISA, 29 U.S.C. § 1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

7.      AMI Benefit Plan Administrators, Inc. is appointed as Independent Fiduciary of the Plan ("Independent Fiduciary") and shall have exclusive and plenary authority and control over the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the distribution of benefits to the Plan's participants and beneficiaries. The Independent Fiduciary is directed to take all appropriate action for distribution of benefits to the Plan's participants and beneficiaries, including: (1) issuing distribution election forms for the Plan participants; (2) processing the election forms when returned by participants; (3) answering participant questions and providing assistance to participants, as needed; and (4) providing routine updates and/or reports to the Acting Secretary on an as-needed basis. The Independent Fiduciary is empowered to instruct the custodians of the Plan's assets and the Plan record keepers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plan's assets. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions on the basis of fees they claim to be owed relating to the Plan.

8.      The Independent Fiduciary shall be compensated for the performance of its duties and costs incurred, as described in the attached proposal, up to the amount of $4.825.00 payable

5

solely from the Plan account of Defendant Brooks and/or from funds restitution remitted under this Consent Judgment and Order.

9.    A copy of this Consent Judgment shall be filed with the Plan records.

10.    The Court orders Defendants, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

11.    The Court orders all third-party service providers to the Plan, including the Plan custodian, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

12.    In the event that either or both Defendant Venturis or Brooks file for bankruptcy protection at any time before satisfaction of the monies and payments they owe under this Consent Judgment and Order, they shall not oppose any proof of claim that the Acting Secretary files in the bankruptcy proceeding for any amounts still owing under this Consent Judgment and Order.  In addition, Defendants stipulate that the unpaid amounts shall be treated as a non-dischargeable debt under 11 U.S.C. § 523(a)(4).

13.    The amounts remitted by Defendants under this Consent Judgment and Order are understood by the parties to be the "applicable recovery amount" for purposes of civil penalty assessment pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).  It is further understood by the

parties to this Consent Judgment and Order that the penalties which will be assessed will be equal to twenty percent (20%) of the "applicable recovery amount."  Defendants agree (a) to pay the assessed penalty within 60 days of service of notice of the assessment, or (b) to timely file a request for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3).  If a request for waiver or reduction of the penalty is timely filed, Defendants agree to accept EBSA's determination regarding such request, and to pay the penalties, if any, as set forth in the EBSA determination letter.  Any penalty payment should be made online at https://www.pay.gov/public/form/start/1063197296.  Payment shall include reference to EBSA Case No. 22-016077(48).

14.     No assets of any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), will be used for the Restitution Payment, attorney fees, costs, and other litigation expenses incurred by Defendants.

15.     Each Defendant, as well its agents, beneficiaries, representatives, assigns, and successors in interest, hereby releases the Acting Secretary and the Acting Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this civil action.  Each Defendant expressly waives any and all such claims of any nature that it may have against the Acting Secretary, the Department of Labor, or any of the Acting Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

16.     This Consent Judgment and Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Acting Secretary against Defendants.

17.     Nothing in this Consent Judgment and Order is binding on any governmental agency other than the U.S. Department of Labor, Employee Benefits Security Administration.

18.     This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

19.     The Court directs this Consent Judgment and Order as a final order pursuant to Federal Rule of Civil Procedure 54.

DATED THIS 6th DAY OF July, 2026.

_____
HONORABLE DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

8

The parties approve the Consent Judgment and Order as to form and substance:

| For Plaintiff: | For Defendants Crystal Brooks, Venturis, LLC, and Management Technology, Inc. Profit Sharing and 401(k) Plan: |
|---|---|
| Jonathan Berry<br>Solicitor of Labor<br><br>Samantha Thomas<br>Regional Solicitor<br><br>Alejandro A. Herrera<br>Regional Counsel for ERISA | Crystal Brooks<br>Chief Executive Officer<br><br>Dated:        7/5/2026 |
| _/s/ Andrea Luby_<br>Andrea Luby<br>Senior Trial Attorney<br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103-2968<br>(215) 861-5128 (Phone)<br>(215) 861-5162 (Fax)<br>luby.andrea@dol.gov<br><br>_Attorneys for Plaintiff_<br><br>Dated:   07/06/2026 | |

9